# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBRA LYNN GRIGIONI,
    Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
PH-315H-16-0315-I-1

DATE: April 15, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra Lynn Grigioni, West Deptford, New Jersey, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the termination of her appointment in the excepted service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was appointed to the Nuclear Medicine Technologist position in the excepted service on February 7, 2016.  Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 14.  Her appointment required completing a 1‑year trial period. IAF, Tab 4 at 14.   Approximately 11 weeks after the effective date of her appointment, the agency issued a notice dated April 21, 2016, informing her of its decision to terminate her employment on April 22, 2016.  *Id.* at 35-37.  The notice also set forth information regarding the filing of an appeal with the Board. *Id.*  The appellant filed a Board appeal, which challenged the propriety and the procedural processing of her termination.  IAF, Tab 1.  She requested a hearing. *Id.* at 2.

¶3        The agency argued that the Board lacks jurisdiction over the appeal because the appellant was not an "employee" as defined at 5 U.S.C. § 7511(a)(1)(C) with adverse action appeal rights under 5 U.S.C. chapter 75, and she failed to make an allegation of one of the limited regulatory grounds for appeal set forth in 5 C.F.R. § 315.806.  IAF, Tab 4 at 7-8.  The administrative judge issued an order directing

the appellant to address the jurisdictional issues, but she did not respond. IAF, Tab 2.

¶4        In his initial decision, the administrative judge acknowledged that, in apprising the appellant of her jurisdictional burden, he had mistakenly informed her of how to establish Board jurisdiction over a probationary termination of a competitive-service appointment, although her appointment was in the excepted service. IAF, Tab 5, Initial Decision (ID) at 2 & n.1. He explained how the appellant could establish that she was an "employee" in the excepted service as set forth in 5 U.S.C. § 7511(a)(1). ID at 3. He found that she lacked veterans' preference rights and had less than 1 year of Federal service at the time of her termination. ID at 4. Thus, he concluded that she did not meet the statutory definition of an employee under 5 U.S.C. § 7511(a)(1)(B)-(C) and, based on the written record, dismissed the appeal for lack of jurisdiction. *Id.*

¶5        The appellant has filed a petition for review, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        On review, the appellant does not dispute the administrative judge's finding that she lacks veterans' preference. PFR File, Tab 1. Thus, to qualify as an "employee" with appeal rights under 5 U.S.C. chapter 75, the appellant, as an individual in the excepted service, must show that she either is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service, or has completed 2 years of current continuous service in the same or similar position in an Executive agency under other than a temporary appointment limited to 2 years or less. *Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). The appellant bears the burden of establishing jurisdiction by a preponderance of the evidence in a termination

appeal.[2] *Swango v. Department of Veterans Affairs*, 59 M.S.P.R. 235, 241 (1993); 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶7      The appellant makes no claim that she was serving a trial or probationary period under an initial appointment pending conversion to the competitive service. PFR File, Tab 1. Rather, she argues that she qualifies as an employee with a right to a Board appeal because she was a "full[-]time employee" whose appointment afforded the benefits of a Thrift Savings Plan (TSP) and leave accrual. *Id.* at 3. In support of her argument, she submits a copy of her TSP Election Form dated February 8, 2016, and a copy of her Earning and Leave Statement for the pay period ending February 20, 2016. *Id.* at 5-6. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the issue of jurisdiction is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). Here, the two documents submitted on review predate the close of the record below, and the appellant has not shown that they previously were unavailable. Furthermore, neither document shows that she completed more than 11 weeks of Federal service, as found in the initial decision. ID at 4. Thus, we find that this evidence and argument does not provide a basis for disturbing the initial decision.

---

[2] An appellant must be given explicit information on how to establish jurisdiction over a Board appeal. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). As noted above, the administrative judge's order on jurisdiction did not inform the appellant of how to establish jurisdiction over the termination of an excepted-service appointment, but the initial decision provided the information. Thus, the appellant had an opportunity to meet her jurisdictional burden in her petition for review. *See Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007).

¶8      The appellant also asserts that the Board has jurisdiction over her appeal because the termination notice states that she is entitled to such an appeal. PFR File, Tab 1 at 3. She provides a copy of the termination notice, which sets forth that she is entitled to appeal to the Board if she alleges discrimination due to marital status or partisan political reasons or her removal was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *Id*. at 4. She argues that she did not receive the notice, which was dated April 21, 2016, until the date that the action became effective on April 22, 2016. *Id.* at 3. To the extent that the appellant argues that she has a regulatory right of appeal to the Board under 5 C.F.R. § 315.806 of a termination that was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805, we find that this argument is unavailing. It is undisputed that she was appointed to a position in the excepted service. IAF, Tab 1, Tab 4 at 7, 14; PFR File, Tab 1. The regulatory appeal rights set forth in 5 C.F.R. § 315.806 generally do not apply to individuals in the excepted service. *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009).

¶9      The agency asserted below that it had appointed the appellant to a position in the excepted service under the authority of 38 U.S.C. § 7401(3), even though the Standard Form 50 documenting the appointment shows that she was appointed under 38 U.S.C. § 7401(1). IAF, Tab 4 at 7, 14. This discrepancy has no effect on the outcome of the jurisdictional issue. The Board has held that an individual appointed under section 7401(3) has no regulatory right to a Board appeal of a termination under 5 C.F.R. § 315.806, a provision that applies only to an individual in the competitive service. *Ramirez-Evans*, 113 M.S.P.R. 297, ¶¶ 9‑10 & n.2. Similarly, an individual appointed to a position in the excepted service under 38 U.S.C. § 7401(1) has no Board appeal right under 5 U.S.C. chapter 75 or 5 C.F.R. § 315.806. *See Pichon v. Department of Veterans Affairs*, 67 M.S.P.R. 325, 327 (1995) (finding that a nurse appointed under 38 U.S.C. § 7401(1) is appointed without considering civil service requirements regarding qualifications

and is excluded from the competitive service). Furthermore, an agency's erroneous notice of appeal rights cannot expand the Board's jurisdiction. *Barrand*, 112 M.S.P.R. 210, ¶ 13.

¶10    Accordingly, we find that the appellant has provided no basis to disturb the administrative judge's initial decision, which dismissed her appeal for lack of Board jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                 /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.